O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|---|---|---|---|
| Title | In re EMIR PHILLIPS | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

## I.      INTRODUCTION

This case is on appeal from an Order of the Bankruptcy Court granting Appellee State Board of California's cross motion for summary judgment and awarding  Judgment to the State Bar determining that Appellant's debt to it was excepted from discharge.  *See* Appellant's Excerpts of Record ("AR") 15-16; AR 135-154.  The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this court without oral argument. See Bankruptcy Rule 8012; Fed. R. App. P. 34(a)(2)(C).

Appellant, Emir Phillips, argues that the Bankruptcy Court erred in ruling that his debts to the State Bar of California ("State Bar"), resulting from his obligation under Cal. Bus. & Prof. Code § 6140(c) to reimburse the State Bar's Client Security Fund, are non-dischargeable.[1]  For the following reasons, the Court AFFIRMS the decision of the

---

[1]In his opening brief, Appellant also argued that the Bankruptcy Court erred in finding to be non-dischargeable the amount he owes to the State Bar to reimburse it for the expenses of conducting disciplinary proceedings against him.  *See* Opening Brief at 6. However, in his Reply Brief, Appellant concedes that the administrative costs of his State Bar disciplinary proceedings are not dischargeable.  Reply at 1.  The Court will,

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|---|---|---|---|
| Title | In re EMIR PHILLIPS | | |

Bankruptcy Court to grant Appellee's cross motion for summary judgment.

## II.    SUMMARY OF THE FACTUAL RECORD

According to Appellant Emir Phillips, he was admitted to practice as an attorney in the state of California in June of 1990.  AR 64. (Phillips Declaration).  In 1994, the State Bar initiated an investigation of Appellant, which resulted in his disbarment in June 1998.  *Id*.  On May 5, 1999, Appellant filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.  *Id*.  AR 65.  The State Bar was named as a creditor on the Debtor-Appellant's schedule F.  AR 35.  An order of discharge was entered in the bankruptcy proceeding on May 5, 1999.  AR 65.

In or about May 2006, Appellant sought the reinstatement of his license to practice law, but his application has not been accepted because he has not reimbursed the State Bar for $5,399.75 in costs for the disciplinary proceedings ("Disciplinary Costs") and $56,265.00—plus $3,094.00 in processing fees and interests—in moneys paid in 2002 and 2003 from the Client Security Fund ("CSF Liabilities") to approximately seventeen former clients of the Appellant.[2]  AR 74-77, 144;  Appellee's Supplemental Excerpts of Record ("SR") 34.

In 2007, the State Bar filed a collection action in California state court seeking the recovery of $300.00 that the Client Security Fund paid to one or more of the Appellant's

_____

therefore, not address the Bankruptcy Court's ruling on those debts.

[2]The Court notes that eight of the former clients who submitted claims to the CSF were not scheduled as creditors in Appellant's bankruptcy case, and so did not receive notice of the deadline for filing claims or commencing an adversary proceeding seeking to except debts from discharge.  *See* AR 74 at ¶5, SR 55-66.  As such, these debts—which total $43,834.00 of the amount paid from the CSF—are exempted from discharge under 11 U.S.C. § 523(a)(3)(B).  *See* AR 74 at ¶ 5.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|---|---|---|---|

| Title | In re EMIR PHILLIPS |
|---|---|

former clients,[3] plus interest.  *See* AR 18-22.  The matter was removed to Bankruptcy Court, where Appellee eventually dismissed the Complaint with prejudice.  AR 24, 26-27.

On April 18, 2008, Appellant filed the adversary proceeding that is the subject of this appeal, seeking a determination that his debts to the State Bar arising from the costs of the disciplinary proceedings and the amounts paid to former clients from the CSF had been discharged in his Chapter 7 case.  AR 1-3.  Appellee filed an answer and counterclaim seeking a determination that the Disciplinary Costs and CSF Liabilities were non-dischargeable under 11 U.S.C. § 523(a)(7).  AR 4-14.

On September 29, 2008, Appellant filed a motion for summary judgment on his dischargeability claim and a motion to dismiss the State Bar's counterclaim.  *See* AR 44-66. On November 11, 2008, the State Bar filed its opposition to Appellant's motion for summary judgment (though apparently no opposition to Appellant's motion to dismiss) and a cross-motion for summary judgment on its counterclaim.  *See* AR 92-94; 104-133. The Bankruptcy Court held a hearing on December 16, 2008, at which the court concluded that the debts were non-dischargeable under 11 U.S.C. § 523(a)(7).  AR 158-172.  The State Bar submitted proposed Findings of Fact and Conclusions of Law to the Bankruptcy Court on January 16, 2009, which it adopted and entered over Appellant's objection on February 24, 2009.  AR 141-154 (Findings of Fact and Conclusions of Law); 155-156 (Appellant's Objection).

## III.   STANDARD OF REVIEW

---

[3]It is unclear from the record which former clients this state court action pertains to, since the "APPLICANTS," as they are referred to, are named in Exhibit A, which is absent from the record.  *See* AR at 19-20, ¶ 5.  Appellee represents that the Complaint involved only the claim paid out for Jimmy L. Becerra.  *See* AR at 76.  This seems likely since all the other CSF claimants brought claims for more than $300.  *See* AR at 75-77. Regardless, since $300 is a small fraction of the $56,265.00 that the CSF paid out, it is clear that the former clients that were the subject of the Complaint do not represent all of the clients who received payments from the CSF.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|---|---|---|---|
| Title | In re EMIR PHILLIPS | | |

This Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. *In re Anastas*, 94 F.3d 1280, 1283 (9th Cir. 1996). The only issues raised in this appeal are questions of law. Therefore, review is *de novo*.

## IV.   ANALYSIS

This appeal presents primarily one issue: are Appellant's debts to the State Bar consisting of his obligation under Cal. Bus. & Proc. Code § 6140.5(c) to reimburse the Client Security Fund ("CSF"), exempted from discharge under 11 U.S.C. § 532(a)(7)? As noted above, Appellant agrees in his Reply Brief that the costs of his disciplinary proceedings are exempted from discharge under this section. He also agrees that a portion of the CSF payments made to Oral Fitch—$11,364.00— is non-dischargeable because the Bankruptcy Court made a separate determination of nondischargeability as to this debt in 2001. *See* AR 74-75; Reply Brief at 3.

Appellant does raise two other minor issues. First, he argues that the Bankruptcy Court erred in adopting the Appellee's Findings of Fact and Conclusions of Law wholesale, particularly because these Findings including information not discussed at the December 16, 2008 hearing about the violations that the State Bar Court judge found that Appellant had committed at the time he was disbarred. However, these State Bar Court findings were in the record, and, indeed, Appellant admitted that the State Bar Court made this findings in his Response to the State Bar's Statement of Uncontroverted Facts. AR at 97-98. Moreover, they have no hearing on the legal issues in this appeal. In addition, Appellant argues that *res judicata* resulting from the State Bar's dismissal with prejudice of its 2007 collection action against him should bar them from asserting nondischargeability as to the debts now. This argument lacks merit, since the two cases do not involve the same cause of action. *See Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993). There, the Ninth Circuit instructed,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|---|---|---|---|
| Title | In re EMIR PHILLIPS | | |

In determining whether successive claims constitute the same cause of action, we consider (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (quotation omitted). The 2007 action was a $300.00 collection action, not an action to determine the non-dischargeability of the CSF claims. Moreover, the 2007 action involved the claims of only one (or at most a small number) of the claimants on the CSF fund. The 2007 action did not involve the claims of the other sixteen claimants—for whose claims the State Bar is now the subrogee, Cal. Bus. & Prof. Code § 6140.5(b)—who brought CSF claims related to Appellant's conduct. Each of these other claims arises from a distinct set of facts from the claim in the 2007 action and so is not barred by *res judicata*. The $300 pertaining to the claim in the 2007 action must, however, be excluded from the amount Appellant owes to Appellee. Although Appellee does not directly address this issue in its brief, the $300 appears to be excluded from the amount requested (along with some other claims), since the total amount paid out of the CSF to Appellant's former clients is $59,465.00, AR 74 at ¶4, while Appellee requests a determination of non-dischargeability as to only $56,265.00 of this amount.

With respect to the central dispute of this appeal—whether Appellant's debts to the State Bar consisting of his obligation to reimburse the CSF are exempted from discharge—the Court affirms the Bankruptcy Court's decision. Section 523(a)(7) provides that a discharge of debt does not discharge a debtor from any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." 11 U.S.C. § 523(a)(7). Appellant does not dispute that the State Bar qualifies as a government unit, so the issues that remain are whether the CSF reimbursements are "fines or penalties" that do not constitute "compensation for actual pecuniary loss."

The Supreme Court interpreted section 523(a)(7) in *Kelly v. Robinson*, 479 U.S. 36 (1986). There, the Court held restitution obligations following a conviction for

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|---|---|---|---|
| Title | In re EMIR PHILLIPS | | |

misappropriating welfare benefits were not dischargeable under section 523(a)(7). The Court based its decision, in large part, on federalism concerns based upon the traditional public protection responsibilities of the states. *Id.* at 49 ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *see also* 4 COLLIER ON BANKRUPTCY § 523.13[1] (15th ed. Rev. 2008) ("*Kelly v. Robinson* was grounded in concerns relating to federalism and comity."). After considering the legislative history and the text and purpose of the statute, the Court concluded,

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for . . . compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).

*Id.* at 53 (quoting 11 U.S.C. § 523(a)(7)). The focus of the Court's inquiry was on the governmental interest and purpose in imposing a fine or penalty, not on the ultimate destination of the money. Likewise, although it addressed a different provision of the California Business and Professions Code imposing an obligation to pay costs for a State Bar disciplinary proceeding rather than restitution to the CSF, the Ninth Circuit recently held in *In re Findley* that "attorney discipline costs imposed by the State Bar [are] non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(7)." *In re Findley*, 593 F.3d 1048, 1054 (9th Cir. 2010).

Just as the restitution obligations in *Robinson* were grounded in the state's interest in rehabilitation and punishment, here the State Bar's requirement that an attorney with ethical violations reimburse his former clients for their losses is grounded in the state's interest in rehabilitation, punishment, and deterrence. Cal. Bus. & Prof. Code § 6140.5(c) specifies, "Any attorney whose actions have caused the payment of funds to a claimant from the Client Security Fund shall reimburse the fund for all moneys paid out as a result

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|----------|------------------------------------------------------------------------|------|------------------|

| Title | In re EMIR PHILLIPS |
|-------|---------------------|

of his or her conduct with interest, in addition to payment of the assessment for the procedural costs of processing the claim, as a condition of continued practice." The California Supreme Court has held that the Bankruptcy Act does not prevent the imposition of a restitution requirement based on amounts paid from the CSF, even if the underlying debts to clients had been discharged in bankruptcy and could not be collected as debt directly. In so holding, the *Brookman* court explained,

> Although *Robinson* involved discharge of a restitution order arising in a criminal case, and the present matter involves restitution ordered after discharge in a bar disciplinary case, we believe Robinson's reasoning applies here. Restitution imposed as a condition of probation serves the state interest of rehabilitating culpable attorneys (and protecting the public) by forcing the attorney to 'confront, in concrete terms, the harm his actions have caused.' . . . Such restitution-especially when, as here, it is made payable to the State Bar Client Security Fund-is clearly for the benefit of the public at large, not the underlying victim in this case (whom, we note, has already been compensated by the State Bar Client Security Fund). Because such restitution fundamentally serves the goal of rehabilitation, it is not merely compensation to the government for 'actual pecuniary loss.'

*Brookman v. State Bar*, 46 Cal. 3d 1004, 1009 (1988) (quoting *Robinson*, 479 U.S. at 49). None of the cases that Appellant cites in reply to *Brookman* call into question the holding in that case or even address the question of whether amounts owed to the State Bar based on amounts paid from the CSF are dischargeable in bankruptcy. *See In re Borowski*, 216 B.R. 922 (1998) (addressing the dischargeability of a malpractice judgment that a client had obtained against his former lawyer); *Hippard v. State Bar*, 49 Cal. 3d 1084 (1989) (discussing whether the State Bar may consider a former attorney's efforts toward restitution as an indicator of rehabilitation); *Kwasnik v. State Bar*, 50 Cal. 3d 1061 (1990) (considering whether the failure to pay a discharged wrongful death judgment could prevent a former attorney's reinstatement to the bar). In contrast, Appellee cites to *In re Bertsche*, 261 B.R. 436 (Bankr. S.D. Ohio 2000), which held that a suspended attorney's obligation to reimburse Ohio's Client Security Fund was non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(7). *Id.* at 438-39.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|----------|------|------|------|
| Title | In re EMIR PHILLIPS | | |

      Based on the weight of authority, Appellant's debt to the State Bar's CSF is a penalty that serves the state's interests in the rehabilitation and punishment of attorneys who have committed ethical violations.  It is not merely compensation to the government for "actual pecuniary loss," and, consequently, Appellant's debts based on payments from the CSF are non-dischargeable under 11 U.S.C. § 523(a)(7).

/ / /

/ / /

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2138 AHM<br>Bk. Case No. 99-27088 BR<br>Adv. Case No. 08-01407 BR | Date | December 1, 2010 |
|---|---|---|---|
| Title | In re EMIR PHILLIPS | | |

## V.    CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the Bankruptcy Court to grant Appellee's cross motion for summary judgment.

**JS-6**

|  | : |
|---|---|
| Initials of Preparer | SMO |

cc: **Bankruptcy Court**